**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JAVIER FRANCISCO ESCOBAR DIEZ,

Petitioner,

v.

Case No. 2:26-cv-03693-MIS-JMR

WARDEN, in his official capacity as Warden of Otero County Processing Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**THIS MATTER** is before the Court on Petitioner Javier Francisco Escobar Diez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed November 2, 2026, and an accompanying Emergency Motion for Restraining Order, ECF No. 2. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition and the Motion.

This is Petitioner's second habeas petition. See 2:26-cv-2481-KG-LF ("Escobar Diez I"). On November 5, 2026, after reviewing both Petitions, the Court directed Petitioner to show cause why the instant Petition should not be dismissed as duplicative of that in Escobar Diez I. ECF No. 5. Petitioner responded on November 9, 2026. ECF No. 6. In his Response, Petitioner argues that

the instant Petition is not duplicative of Escobar Diez I because the instant Petition raises a distinct constitutional challenge not raised in Escobar Diez I. Resp. at 2. In short, Petitioner argues that Escobar Diez I asserted that the Immigration Judge "erroneously concluded that Petitioner was a flight risk" and the instant Petition challenges whether the Immigration Judge's explanation of the reason for denying bond provided "meaningful process required by the Fifth Amendment." Id.

The Court disagrees. Both Petitions raise the constitutional adequacy of Petitioner's bond hearing. In Escobar Diez I, Petitioner makes repeated references to the constitutional adequacy of his bond hearing. Escobar Diez I, ECF No. 1 ¶¶ 38-46. For example, Petitioner asserts that the Immigration Judge "failed to make any individualized findings that Petitioner was a flight risk or a danger to the community," and that such failure violated his procedural right to due process under the Fifth Amendment. Id. ¶ 41. Petitioner later alleges his detention "without a constitutionally adequate bond hearing" has become prolonged and thus is not reasonably related to its purpose of ensuring his appearance during removal hearings. Id. ¶ 44. In addition, Petitioner alleged his "continued detention absent an individualized finding of flight risk or dangerousness is punitive and violates substantive due process." Id. ¶ 45. Finally, Petitioner asserts that Respondents have "failed to provide any individualized justification for Petitioner's continued detention." Id. ¶ 46. These allegations squarely raise the issue of the constitutional adequacy of the Immigration Judge's determination. In addition, Paragraph 46 raises the issue of whether Respondents met their burden of providing justification for his continued detention.

Indeed, in denying Petitioner's motion, Escobar Diez I recognized that Petitioner challenged the constitutional adequacy of his bond hearing, stating "[n]othing in the record suggests that the hearing was constitutionally deficient. The hearing therefore satisfies both § 1226 and the Due Process Clause." Escobar Diez I, ECF No. 8 at 3.

Although Escobar Diez I and the instant Petition use slightly different verbiage, that is likely because Petitioner brought Escobar Diez I pro se and the instant Petition was filed by counsel. It remains that the substance of the claims—the constitutional adequacy of his bond hearing—is the same in both petitions. A Motion to Reconsider pursuant to Fed. R. Civ. P. 59(e), within 28 days after the entry of the final judgment, is generally the proper vehicle to request to reopen a case. See Smith-Thomas v. Judges & Ct. Offs., No. 24-CV-607 MIS/LF, 2025 WL 3642344, at *1 (D.N.M. Dec. 16, 2025) (collecting cases). Alternatively, Petitioner could seek, from Chief Judge Gonzeles, a certificate of appealability. See Dehghani v. Castro, No. 2:25-CV-00052-MIS-DLM, 2025 WL 3171255, at *2 (D.N.M. Nov. 13, 2025). What Petitioner cannot do, however, is simply file a second Petition, asserting the same material facts and the same legal bases for habeas relief as he asserted in the Escobar Diez I that has already been reviewed. The Court declines Petitioner's unspoken invitation to sit as an appellate court over the final judgment of its peer. See Nayi v. Warden, Cibola Cnty. Corr. Ctr., No. 1:26-CV-01469-MIS-GJF, 2026 WL 1506711, at *2 (D.N.M. May 29, 2026) (rejecting second petition requesting review of previous determination regarding the constitutionality of immigrant's bond hearing).

Therefore, it is **HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** without prejudice.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE